**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

ADIT JAMDAR, et al.,

        Plaintiffs,

  v.

JOSEPH B. EDLOW, et al.,

        Defendants.

Case No.  5:25-cv-11002-BLF

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**

[Re:  ECF No. 12]

Before the Court is Defendants United States Citizenship and Immigration Service ("USCIS") and Director of USCIS Joseph B. Edlow's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).  ECF No. 12 ("Mot."); ECF No. 13 ("Reply").  Plaintiffs Adit Jamdar and his spouse Karishma Naresh Khanna oppose the motion.  ECF No. 13 ("Opp."); ECF No. 15-1 ("Sur-Reply").[1]  The Court finds the matter suitable for decision without oral argument and VACATES the hearing set for June 25, 2026.  *See* Civ. L.R. 7-11(b).

The motion is DENIED.

I.  **BACKGROUND**

    **A.  Procedural Background**

Plaintiffs are Indian nationals residing in Santa Clara County, California, and brought this action on December 29, 2025, against Defendants under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, for failure to timely process their Form I-485 Applications to Register Permanent Residence ("I-485 Applications"), which were filed concurrently with an I-526E Immigrant Petition by Regional Center Investor ("I-526E Petition") on June 11, 2025.  Compl.

---

[1] On April 3, 2026, the Court granted Plaintiffs' motion for leave to file a sur-reply.  *See* ECF No. 17.

¶¶ 56, 75. Mr. Jamdar's I-526E Petition was approved on October 2, 2025. *Id.* ¶ 23. On March 3, 2026, Defendants moved to dismiss, contending that the Court lacks subject matter jurisdiction to compel adjudication of the I-485 Applications under a provision of the Immigration Nationality Act ("INA"), 8 U.S.C. § 1252(a)(2)(b)(ii). Mot. at 2.

### B. Statutory Background

The INA established adjustment of status as a two-step process by which a noncitizen may obtain lawful permanent resident status from within the United States. The first step requires the individual to have an approved visa petition. *See* 8 U.S.C. § 1154(a) (defining the visa petition process), (b) (authorizing investigation and decision). The second step requires an individual with an approved visa petition to apply for adjustment of status with an I-485 Application:

> The status of an alien who was inspected and admitted . . . into the United States . . . may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

8 U.S.C. § 1255(a).

Section 1252 of the INA governs judicial review over orders of removal; as relevant here, the statute provides that "no court shall have jurisdiction to review" the following:

> (i) any *judgment* regarding the granting of relief . . .
> (ii) *any other decision or action* of the Attorney General or the Secretary of Homeland Security the authority for which is . . . in the discretion of the Attorney General or the Secretary of Homeland Security . . . .

8 U.S.C. § 1252(a)(2)(B) (emphasis added).

The APA provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). Upon a finding that action is required, a "reviewing court shall—(1) compel agency action unlawfully withheld or unreasonably delayed." *Id.* U.S.C. § 706(1).

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction [and] possess only that power authorized

*United States District Court*
*Northern District of California*

by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) tests whether the court has subject matter jurisdiction and may be "facial" or "factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004); *Williams v. Apple, Inc.*, 449 F. Supp. 3d 892, 900 (N.D. Cal. 2020). Defendants' motion here is a facial one, so the Court assumes Plaintiffs' factual allegations to be true and draws all reasonable inferences in Plaintiffs' favor. *Doe v. See*, 557 F.3d 1066, 1073 (9th Cir. 2009).

## III. DISCUSSION

Relying on the Supreme Court's decision in *Patel v. Garland*, 596 U.S. 328, 348 (2022), Defendants argue that section 1252(a)(2)(B) bars judicial review over "pace of adjudication claims" regarding I-485 Applications. Mot. at 4–5. In *Patel*, the Supreme Court considered the scope of section 1252(a)(2)(B)(i)'s jurisdictional bar over review of "any judgment regarding the granting of relief," relying on the meaning of the term "judgment" to conclude that the section strips federal courts of "jurisdiction to review facts found as part of discretionary-relief proceedings." *Patel*, 596 U.S. at 338, 347 (quoting 8 U.S.C. § 1252(a)(2)(B)(i)). Defendants do not contest that there has not been any "judgment" regarding Plaintiffs' I-485 Applications but instead contend that this action challenges "any other decision or action" within the meaning of section 1252(a)(2)(B)(ii), i.e., the decision to indefinitely delay rendering said judgment. Mot. at 6.

Acknowledging that neither the Supreme Court nor the Ninth Circuit have directly addressed whether "any other decision or action" encompasses USCIS's obligation to render decisions on adjustment applications within a reasonable time frame, Defendants nonetheless argue that the Court should extrapolate *Patel*'s interpretation of section 1252(a)(2)(B)(i) to section 1252(a)(2)(B)(ii). In other words, Defendants urge that the Court should conclude that section 1252(a)(2)(B) bars judicial review not only over the discretionary outcome of an I-485 Application (i.e., grant or deny) but also whether the Government has complied with its non-discretionary duty to reach any decision within a reasonable time. This the Court declines to do.

Defendants' interpretation of section 1252(a)(2)(B)(ii) is foreclosed by a straightforward

3

United States District Court
Northern District of California

reading of the statute, which bars review over "any other [discretionary] action or decision" in connection with an adjustment application. 8 U.S.C. § 1252(a)(2)(B)(ii). The complaint on its face does not seek judicial review over any action or decision at all, instead challenging Defendants' "failure to act." Compl. ¶¶ 39–52.

Several district courts in the Ninth Circuit, including this one, have had occasion to consider the issue and rejected identical arguments from Defendants in similar cases, reasoning that "'the government has a non-discretionary duty to adjudicate [petitions for adjustment of status] within a reasonable period of time' and that courts have jurisdiction to review the Government's failure to do so." *Gao v. Mullin*, No. 25-cv-01479-SVK, 2026 WL 948665, at *3 (N.D. Cal. Apr. 8, 2026) (alterations in original) (quoting *Varniab v. Edlow*, No. 25-cv-10602-SVK, 2026 WL 485490, at *7 (N.D. Cal. Feb. 20, 2026)); *see also Karami v. Edlow*, No. 26-cv-00585-MTK, 2026 WL 1723913, at *7 (D. Or. June 15, 2026); *Gogate v. Edlow*, No. 25-cv-02558-DOC-KES, 2026 WL 1658512, at *3 (C.D. Cal. June 5, 2026); *Concepcion v. Mullin*, No. 25-cv-03221-DMS-MMP, 2026 WL 1388761, at *7 (S.D. Cal. May 18, 2026). The Court sees no reason to depart from the reasoning in these decisions given the clear import of the statutory language relied upon by Defendants.

The Court has carefully considered the decisions of the other Courts of Appeals cited by Defendants but agrees with Plaintiffs that those cases are distinguishable. *Compare* Mot. at 5–6, *with* Opp. at 7–8. Each of those cases involved visa retrogression under 8 C.F.R. § 245.2(a)(5)(ii) and concerned USCIS's discretion to implement regulations for processing adjustment applications. *See Geda v. Dir. United States Citizenship & Immigr. Servs.*, 126 F.4th 835, 839 (3d Cir. 2025); *Cheejati v. Blinken*, 106 F.4th 388, 395 (5th Cir. 2024); *Thigulla v. Jaddou*, 94 F.4th 770, 775 (8th Cir. 2024); *Kanapuram v. Dir., U.S. Citizenship & Immigr. Servs.*, 131 F.4th 1302, 1307–08 (11th Cir. 2025); *Kale v. Alfonso-Royals*, 139 F.4th 329, 335 (4th Cir. 2025). Visa retrogression involves placing adjustment applications on hold until a condition precedent (i.e., availability of a visa number) is satisfied. No such condition precedent exists here, as Mr. Jamdar's I-526E Petition has already been approved. *Cf. Mukantagara v. Noem*, 164 F.4th 765, 774 (10th Cir. 2026) ("*Geda* even distinguishes USCIS's discretion to administer that process

4

from USCIS's obligation to assess eligibility requirements. These cases don't address eligibility determinations, so they don't apply here." (citation omitted)).

Defendants urge that the Court should adopt the analysis of a lone district court in the Central District of California, which noted a disagreement among district courts in the Ninth Circuit about "whether the government has a nondiscretionary duty to adjudicate applications for adjustment of status within a reasonable period of time" and adopted Defendants' position, relying on the visa retrogression cases to conclude that "government decisions regarding the pace of review of an application are generally discretionary and therefore insulated from judicial review." *Khachutorov v. Britten*, 792 F. Supp. 3d 1106, 1113–14 (C.D. Cal. 2025). *Khachutorov*, like Defendants' out-of-circuit visa retrogression cases, is not binding on the Court. The Court respectfully disagrees with that decision and instead joins the vast majority of district courts in this Circuit that "have declined to follow cases that have concluded that the pace of adjudication is discretionary and thus not subject to judicial review." *Behdin v. Edlow*, No. 26-cv-00566-SVK, 2026 WL 1031079, at *11 (N.D. Cal. Apr. 16, 2026); *see also Gao*, 2026 WL 948665, at *5 (rejecting Defendants' invocation of *Khachutorov* under analogous circumstances).

## IV.    ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) The motion is DENIED.

(2) This order terminates ECF No. 12.

Dated:  June 18, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

5