United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

ADIT JAMDAR, et al.,

Plaintiffs,

v.

JOSEPH B. EDLOW, et al.,

Defendants.

Case No. 25-cv-11002-BLF

**ORDER GRANTING COUNTER MOTION FOR LIMITED DISCOVERY**

Plaintiffs sued Defendants for not timely processing their immigration applications. *See* ECF No. 1. Defendants moved for summary judgment on two grounds: (1) that Defendants had not unreasonably delayed processing Plaintiffs' applications, which have been pending for only 15 months; and (2) that Plaintiff lacks a liberty or property interest under the Due Process Clause. *See* ECF No. 26 at 5–10.

In response, Plaintiffs move for counter discovery. ECF Nos. 27 ("Mot."), 33 ("Opp."), 34 ("Reply"). Specifically, Plaintiffs seek permission to serve interrogatories and document requests directed to:

> **(1)** reserved-category EB-5 I-485 queue position, inventory movement, and comparator processing data for applications received on or after Plaintiffs' own filing date of June 11, 2025;
>
> **(2)** the existence of any guidance governing the processing of reserved-category EB-5 I-485 applications;
>
> **(3)** the existence of any internal audit or compliance mechanism testing adherence to any such guidance; and
>
> **(4)** the agency activities of a higher or competing priority that Defendants contend adjudication would affect, together with the frequency of out-of-order adjudication within the reserved category.

Mot. at 27 (citing ECF No. 27-1 ¶¶ 14–29). The

Under Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may[] . . . allow time to obtain affidavits or declarations or to take discovery[.]" Fed. R. Civ. P. 56(d). The movant must show that: "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) [these] facts are essential to oppose summary judgment." *Murphy v. Wedan*, 2026 WL 962454, at *2 (9th Cir. Apr. 9, 2026) (quoting *Stevens v. CoreLogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018)). Failure to comply with these requirements "is a proper ground for denying discovery and proceeding to summary judgment." *Fam. Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (quoting *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986)).

The Court, having carefully considered the briefs, concludes that limited discovery is appropriate for Plaintiffs to respond to Defendants' motion for summary judgment. It bears emphasis that unreasonable delay claims like these are factually intensive. *See Doe v. Risch*, 398 F. Supp. 3d 647, 655–56 (N.D. Cal. 2019) ("What constitutes an unreasonable delay in the context of immigration applications depends to a great extent on the facts of the particular case."). And where, as here, the pertinent information is in Defendants' exclusive control, Plaintiffs "need not accept Defendant[s'] contentions" on their face. *See Palanisamy v. Edlow*, No. 26-cv-01017-CRB, ECF No. 29 (N.D. Cal. Oct. 13, 2026).

The discovery requested is generally "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). But the Court is not convinced that Plaintiffs need discovery into "the existence of any internal audit or compliance mechanism testing adherence to" guidance governing the processing of reserved-category applications to respond to the motion for summary judgment. Mot. at 27. Accordingly, the Court ORDERS as follows:

(1) By **7 days** from the date of this order, Plaintiffs may file narrowly tailored discovery requests directed to:

   a. reserved-category EB-5 I-485 queue position, inventory movement, and comparator processing data for applications received on or after Plaintiffs' own filing date of June 11, 2025;

United States District Court
Northern District of California

b. the existence of any guidance governing the processing of reserved-category EB-5 I-485 applications;

c. the agency activities of a higher or competing priority that Defendants contend adjudication would affect, together with the frequency of out-of-order adjudication within the reserved category.

(2) By **45 days** after receipt of the discovery requests, Defendants SHALL produce responses.

(3) The motion for summary judgment (ECF No. 26) is terminated without prejudice and the hearing date is vacated. At the close of discovery, Defendants may re-file their motion for summary judgment.

**IT IS SO ORDERED.**

Dated: October 30, 2026

BETH LABSON FREEMAN
United States District Judge